**IN THE COURT OF APPEALS OF TENNESSEE**
**AT NASHVILLE**

FILED

January 27, 1999

Cecil W. Crowson
Appellate Court Clerk

RAYMOND O. HAMPTON,            )
                                       )
     Plaintiff/Appellant,         )
                                       )    Appeal No.
                                       )    01-A-01-9712-CH-00721
VS.                             )
                                       )    Davidson Chancery
                                       )    No. 97-2692-I
TENNESSEE TRUCK SALES, INC.  )
and DONALD A. TOMLINSON,    )
                                       )
     Defendants/Appellees.     )

## ORDER ON PETITION TO REHEAR

The appellees have filed a Petition to Rehear asserting that the court overlooked the record from the former case in deciding that the record did not contain evidence on which a judgment of res judicata (or collateral estoppel) could be based. Attached to the petition are copies of the papers filed in the chancery court in the former case with a document called "Joint Notice of Filing" addressed to the Court of Appeals but filed in the chancery court on September 16, 1998. There is no certification by the Clerk and Master and this court's docket does not indicate that the filing was ever forwarded to this court. We do find in this record, however, a motion to consolidate the two records and an order reserving judgment on that motion because the time for filing a Rule 11 application to the Supreme Court had not expired. The order further states that the reservation was without prejudice to the right of the parties to obtain a duplicate record from the trial court for filing in this appeal. Apparently the filing in the chancery court on September 16, 1998 was an effort on the part of the parties to take advantage of this court's suggestion, but the record from the chancery court was never filed in this court.

All of that being said, we have examined the record furnished with the

Petition to Rehear and it confirms our initial conclusion that the breach of a bailment contract was not part of the prior action. The appellees assert that res judicata applies to all issues that <u>could</u> have been raised in the former action, but the truck was still in the possession of the defendants when the agreed order was entered terminating that action. The alleged breach of the bailment contract did not occur until the former action had been terminated. We do not see how the appellees can assert that the issues involving a breach of the bailment relationship <u>could</u> have been raised in that action.

The appellant did seek Rule 60 relief from the final judgment in the former case so that he could assert a claim essentially the same as the one raised in this case. The chancellor denied that relief on the ground of the appellant's laches, and that judgment was affirmed by this court. But as we pointed out in the original opinion that judgment was on the Rule 60 motion, not on the merits of the bailment claim. Therefore, it is ordered that the Petition to Rehear be overruled.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE